Filed 3/16/26  P. v. Holloway CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAM EDWARD HOLLOWAY,<br><br>    Defendant and Appellant. | C103535<br><br>(Super. Ct. No. CRF25-00618) |

Appointed counsel for defendant Adam Edward Holloway filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to Holloway, we will affirm the judgment.

BACKGROUND

In March 2025, a correctional officer in the Yuba County Jail searched a "pod" within the jail for evidence of "pruno."  Holloway was seen in that same pod displaying "objective symptoms of intoxication, presumably from pruno."  Holloway told the

1

correctional officer, "you are not coming into this cell and making it out, bitch." Holloway also said, "if you fucking try to come in here, you're going to get hit."

Holloway told the correctional officer he would have the officer and his family shot. Specifically, he said, "My homies are going to shoot you when you go to Training Zone. They'll shoot you at that gym." This was, in fact, the gym where the officer worked out; the officer regularly saw Holloway's "associates" there.

The People subsequently charged Holloway with three felony counts, including making a criminal threat (Pen. Code, § 422, subd. (a)). The People also alleged Holloway was previously convicted of a strike offense (Pen. Code, §§ 667, subds. (b)-(j), 1170.12). Holloway pled no contest to making a criminal threat and admitted to the prior strike conviction. In exchange for his plea, the remaining charges and allegations were dismissed, and the parties stipulated to a low term sentence of 16 months, doubled to 32 months for the prior strike conviction.

The trial court sentenced Holloway according to the terms of his plea agreement. At sentencing, the court awarded Holloway 20 days of custody credit (10 actual and 10 conduct), imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $300 parole revocation fine (suspended unless parole is revoked) (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

Holloway filed a timely notice of appeal; he appeals without a certificate of probable cause.

### DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Holloway was advised by counsel of his right to file a supplemental brief within 30 days from the

2

date the opening brief was filed.  More than 30 days have elapsed, and Holloway has not filed a supplemental brief.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Holloway.

DISPOSITION

The judgment is affirmed.


_____/s/_____
EARL, P. J.

We concur:


_____/s/_____
MAURO, J.


_____/s/_____
KRAUSE, J.